# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| JESUS CRUZ, | ) |
| Plaintiff. | ) |
| v. | ) |
| | ) |
| LOS COMPADRES ENTERPRISES, INC. d/b/a Los Compadres Taqueria, RICHARD OSORIO, and JAVIER CORTEZ, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**Now comes** Plaintiff Jesus Cruz ("Plaintiff"), by his attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and complains against Defendants LOS COMPADRES ENTERPRISES, INC. d/b/a Los Compadres Taqueria ("Los Compadres"), RICHARD OSORIO, and JAVIER CORTEZ (all defendants are cumulatively referred to as "Defendants") and in support of this Complaint, state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the FLSA and Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices had the effect of denying Plaintiff his earned and living wages.

## Parties

4. Plaintiff is a resident of Cook County, Illinois; and he is a former employee of Los Compadres.

5. Defendant Los Compadres is a Mexican restaurant that was located at 1801 W Algonquin Road, Mount Prospect, Illinois 60056. On information and belief, Los Compadres was opened prior to 2014, and is currently operating.

6. Defendant Cortez was Plaintiff's manager at Los Compadres. In addition, he was the "boss" of all employees at Los Compadres; on information and belief, he is an owner, or one of the owners of Los Compadres. Upon information and belief, Defendant Cortez is a resident of Cook County, Illinois.

7. Defendant Osorio is the President of record with the Illinois Secretary of State for Los Compadres. In addition, he was the "boss" of all employees at Los Compadres; on information and belief, he is the owner, or one of the owners of Los Compadres. Upon information and belief, Defendant Osorio is a resident of Cook County, Illinois.

## Jurisdiction And Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court possesses supplemental jurisdiction over the state law IWCPA claim pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

9. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Mount Prospect, Illinois; and all parties to this lawsuit are residents of Cook County, Illinois.

### Facts Common To All Claims

10. Plaintiff began working at Defendant Los Compadres in or about 2013.

11. At all times, Plaintiff held the same position at Los Compadres; he worked in the kitchen performing food preparation for the restaurant chefs, colloquially known as "food prep" and also worked as a cook.

12. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants.

13. Plaintiff's weekly schedule was as follows: he worked six days per week; Sundays: from 10 am to 10 pm (12 hrs); Monday 8 am to 5 pm (9 hrs); Tuesdays 8 am to 8 pm (12 hrs); Wednesdays 10 am to 10 pm (12 hrs); Thursdays were off; Friday 10 am to 10 pm (12 hrs); and Saturdays 10 am to 10 pm (12 hrs). During his shifts, Plaintiff was not granted breaks or time for personal meals such as lunch. Accordingly, his work week averaged sixty-nine (69) hours per week.

13. Plaintiff was paid on a weekly basis; for the last three years that he worked for Defendants, his rate of pay was $12.95 per hour.

14. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

15. Instead, Defendants paid Plaintiff his hourly rate of $12.95 per hour for all hours worked, including hours worked in excess of forty (40) hours per week.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff is not exempt from the provisions of the FLSA, or the IWCPA.

18. Defendants failed to pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed when he worked over forty (40) hours in a given workweek.

## COUNT I: VIOLATIONS OF THE FLSA

19. Plaintiff reincorporates by reference Paragraphs 1 through 18, as if set forth in full herein for Paragraph 19.

20. Defendant Los Compadres is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the restaurant and bar industry.

21. Defendant Cortez is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the manager of Defendant Los Compadres, and upon information and belief, he is the owner of Los Compadres; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

22. Defendant Osorio is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the publicly-identified President of Defendant Los Compadres, and he

is the owner of Los Compadres; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

23. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because he was employed by Defendants as a "food prep" worker, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

24. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

25. Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

28. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $28,563.84 in unpaid overtime wages; (ii) and liquidated damages of $85,691.52; and (iii) Plaintiff's attorney's fees and costs, to be determined.

   **WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants LOS COMPADRES ENTERPRISES, INC.

d/b/a Los Compadres Taqueria, RICHARD OSORIO, and JAVIER CORTEZ, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $28,563.84;

B. An award liquidated damages in an amount equal of least $85,691.52;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

/s/ James M. Dore

**Dore Law Offices LLC - James M. Dore (ARDC No. 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiff*
134 N. La Salle St., Suite 1208
Chicago, IL 60602
P: 312-726-8401; F: 844-272-4628
E: james@dorelawoffices.com
Jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiff Requests a jury demand for all counts applicable**

6